```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY


KIMBERLY CLARK,                      :
                                     :    HONORABLE JOSEPH E. IRENAS
            Plaintiff,               :    CIVIL ACTION 10-4342 (JEI/AMD)
                                     :
                                     :           OPINION
       v.                            :
                                     :
WINSLOW TOWNSHIP BOARD OF            :
EDUCATION, et al.,                   :
                                     :
            Defendants.              :
```

**APPEARANCES:**

THE VIGILANTE LAW FIRM, PC
By: Jacqueline M. Vigilante, Esq.
99 North Main Street
Mullica Hill, New Jersey 08062
          Counsel for Plaintiff

LENOX, SOCEY, FORMIDONI, BROWN, GIORDANO, COOLEY & CASEY, ESQS.
By: Patrick F. Carrigg, Esq.
3131 Princeton Pike, Suite 1B
Trenton, New Jersey 08648
          Counsel for Defendants Lupia, Swirsky, and Riley

WOLFF, HELIES, DUGGAN, SPAETH & LUCAS, PA
By: Peter Spaeth, Esq.
Valley Park Professional Center
2517 Highway 35, Building K, Suites 201 & 202
Manasquan, New Jersey, 08736
          Counsel for Defendant Winslow Township Board of
          Education


**IRENAS**, Senior District Judge:

   Plaintiff Kimberly Clark brings this employment discrimination / retaliation suit against her former employer, the Winslow Township Board of Education and individual Defendants

Superintendent Daniel Swirsky, Principal Debra Lupia, and Human Resources Director Floyd Riley.  Defendants presently move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), principally arguing that Clark's claims are time-barred.[1]  For the reasons stated herein, the Motion will be granted as to the federal claims, and the Court will decline to exercise supplemental jurisdiction over the state law claims.[2]

**I.**

Clark is an African American woman and was a nontenured teacher with the Winslow Township School District.  Clark's contract for the 2007-2008 school year was allowed to expire and she was not offered a contract for the following year.  Specifically, Superintendent Swirsky wrote, in a letter hand-delivered to Clark on May 2, 2008,

> At the Regular Meeting of the Board of Education, scheduled for Monday, May 5, 2008, the Board will consider a recommendation to approve the renewal of employment contracts for the 2008/2009 school year.  You name will not be included in this recommendation, and, as such, you will be deemed non-renewed.  Given this circumstance, your contract will terminate as of June 30, 2008.
>
> Pursuant to statute, N.J.S.A. 18A:27-4.1, you are

---

[1] The Winslow Board of Education has joined the individual Defendants' Motion to Dismiss but has not submitted its own brief in support of the Motion.

[2] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

> entitled to request a statement of reasons and also an informal appearance before the Board of Education.
>
> I would advise you to contact your Association representative if you have any procedural questions. I certainly wish you well in your future endeavors.

(Giordano Cert. Ex. B)

In response to this notice, Clark "requested and was granted a hearing on June 25, 2008, before the BOE [Board of Education] to provide evidence to convince them to reoffer employment." (Compl. ¶ 50) "After the hearing . . . the BOE affirmed its decision to terminate [Clark's] employment." (Compl. ¶ 57)

Clark filed this suit on June 16, 2010.

The Court briefly discusses the regulatory scheme governing nontenured teachers in New Jersey, as the scheme is critical to an understanding of the case.

"Nontenured teaching staff" have yearly contracts with the board of education. N.J.S.A. 18A:27-10.

> On or before May 15 in each year, each nontenured teaching staff member continuously employed by a board of education since the preceding September 30 shall receive either:
>
> a.  A written offer of a contract for employment from the board of education for the next succeeding year . . ., or
>
> b.  A written notice from the chief school administrator[3] that such employment will not be

---

[3] The chief school administrator is "the superintendent of schools, or if there is no superintendent, the administrative principal." N.J.A.C. 6A:32-2.1.

```
            offered.
```
Id.  Failure to give an offer or notice pursuant to 18A:27-10 is deemed an offer of continued employment for the next succeeding year.  N.J.S.A. 18A:27-11.

In the event a nontenured teacher is not offered a contract for the next year, within 15 days of receiving the notice of nonrenewal she may request a written "statement of the reasons for such nonemployment," N.J.S.A. 18A:27-3.2, and may request "an informal appearance before the district board of education" after receiving the statement of reasons.  N.J.A.C. 6A:32-4.6(a).  "[A] nontenured teaching staff member's appearance before the district board of education shall not be an adversary proceeding.  The purpose of such an appearance shall be to permit the staff member to convince the members of the board to offer reemployment."  N.J.A.C. 6A:32-4.6(c).

Clark asserts that the nonrenewal of her contract was motivated by race discrimination in violation of 42 U.S.C. §§ 1981 and 1983 (Fourteenth Amendment equal protection) and the New Jersey Law Against Discrimination ("NJ LAD"), N.J.S.A. 10-5:1 et. seq.; and was in retaliation for her complaints of race discrimination in violation of § 1981 and NJ LAD.  Clark also asserts that Defendants Swirsky and Riley aided and abetted

Defendant Lupia's allegedly discriminatory actions in connection with the nonrenewal, in violation of NJ LAD.

**II.**

**A.**

Defendants rely on a document which is technically outside the pleadings: Defendant Swirsky's May 2, 2008 letter. Therefore, it is appropriate to consider whether the instant Motion to Dismiss should be converted to a Motion for Summary Judgment.

Fed. R. Civ. P. 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, the Third Circuit has explained,

> a court may consider certain narrowly defined types of material without converting the motion to dismiss. In *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997), we held that a court can consider a "'document *integral to or explicitly relied upon* in the complaint.'" *Burlington*, 114 F.3d at 1426 (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). And in *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), we decided that a district court may examine an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." The rationale for these exceptions is that "the primary problem raised by looking to documents outside the complaint--lack of notice to the plaintiff--is dissipated 'where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *See Burlington*, 114 F.3d at

5

>    1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st
>    Cir. 1993)).

*In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (italics in original).

The Court concludes that the May 2, 2008 letter is integral to Clark's Complaint.  While the Complaint does not explicitly reference the letter, it is the statutorily-required document that officially notified her of the adverse employment action upon which her entire suit is premised.  Moreover, Clark does not dispute the authenticity of the document, and the letter's existence should come as no surprise to her, as it is addressed to her and she does not dispute that she received it.

Clark's claims are based on the May 2, 2008 letter and this Court may consider it without converting the Motion to Dismiss to a Motion for Summary Judgment.

**B.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most

6

favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.

The Court first addresses Defendants' argument that § 1981 does not provide a cause of action against state actors, and then turns to the timeliness of the § 1983 claims.

### A.

Clark asserts race discrimination claims pursuant to both § 1983 and § 1981. However, in *McGovern v. City of Philadelphia*, the Third Circuit unequivocally held that a private right of action against state actors cannot be implied under § 1981. 554 F.3d 114, 115 (3d Cir. 2009). Clark's passing attempt to

characterize that holding as an alternative holding fails.  The first two sentences of *McGovern* remove all doubt as to its holding: "[i]n this appeal we consider whether a private right of action against state actors can be implied under 42 U.S.C. § 1981.  We join five of our sister circuits in holding it cannot." *Id.*

Accordingly, the Motion to Dismiss will be granted as to the § 1981 claims.

**B.**

With respect to the § 1983 claims, Defendants assert that they are time-barred.  The parties do not dispute that the applicable limitation period is two years.[4]  The issue is when the period began running for Clark's claims.

When, as here, a plaintiff's claims are based on a discrete act such as termination, or in this case, nonrenewal of an employment contract, the statute of limitations begins to run on the day the discrete act occurred and was communicated to the plaintiff.  *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("under federal law, which governs the accrual of section 1983 claims, the limitations period begins to run from

---

[4] *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.4 (3d Cir. 1998) (noting New Jersey's two-year limitations period on personal injury actions applies to civil rights claims under 42 U.S.C. § 1983).

the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.") (internal citation and quotation omitted); *see generally Del. State College v. Ricks,* 449 U.S. 250, 258 (1980) ("In sum, the only alleged discrimination occurred -- and the filing limitations periods therefore commenced -- at the time the tenure decision was made and communicated to Ricks.  That is so even though one of the effects of the denial of tenure -- the eventual loss of a teaching position -- did not occur until later.").

Clark's assertion that the nonrenewal did not occur until the Board of Education hearing on June 25, 2008 is belied by her own Complaint.  She alleges that the purpose of the hearing was to "convince [the BOE] to offer reemployment" and that, at the hearing, "the BOE *affirmed* its decision to terminate Plaintiff's employment."  (Compl. ¶¶ 48-50; 57) (emphasis added).  Indeed, New Jersey law is clear.  Clark's nonrenewal must have occurred prior to the Board of Education hearing because the hearing must take place after a statement of reasons for the nonrenewal is provided, *see* N.J.S.A. 18A:27-3.2; N.J.A.C. 6A:32-4.6(a).

Moreover, Defendants' assertion that Clark's claims accrued prior to June 16, 2008 (two-years before the filing of the instant complaint) is correct as a matter of law.  New Jersey law requires that notice of nonrenewal must be given by May 15 of each year, N.J.S.A. 18A:27-10, and Clark was notified by hand-

9

delivered letter on May 2, 2008 that she would be deemed nonrenewed as of May 5, 2008.  Clark's claims therefore accrued prior to June 16, 2008 and thus, they are time-barred.

Defendants' Motion to Dismiss the § 1983 claims will be granted.

### C.

Given the analysis above, the remaining state law claims may well be untimely, as Defendants argue.  The statute of limitations for such claims is also two years, *Montells v. Haynes,* 133 N.J. 282 (1993) (establishing a two-year statute of limitation for NJ LAD actions); and New Jersey law governing accrual of those claims appears to mirror federal law.  *See Shepherd v. Hunterdon Developmental Center*, 174 N.J. 1, 21 (2002) ("First, have plaintiffs alleged one or more discrete acts of discriminatory conduct by defendants?  If yes, then their cause of action would have accrued on the day on which those individual acts occurred."); *see also Nissman v. Board of Education*, 272 N.J. Super. 373, 381 (App. Div. 1994) ("An agency regulation that focuses on the date of the employer's wrongful act as the accrual date for a cause of action, rather than the date on which the consequences of the act is directly felt by the employee (termination), is not inherently arbitrary or capricious.").

However, the Court does not decide these issues because it

will decline to exercise supplemental jurisdiction over Clark's remaining state law claims-- the NJ LAD discrimination, retaliation, and aiding and abetting claims. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") (internal citations omitted). Those claims will be dismissed without prejudice.

### D.

Lastly, Clark requests that, in the event the Motion to Dismiss is granted, she be given 30 days to amend her Complaint. Leave to amend will not be granted because, in light of the Court's holdings *supra*, amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)(reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment."); *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 256 (3d Cir. 2010)("'Futility' means that the complaint, as

11

amended, would fail to state a claim upon which relief could be granted.").

**IV**.

For the reasons set forth above, Defendants' Motion to Dismiss will be granted as to the federal claims, and the Court will decline to exercise jurisdiction over the remaining state law claims.  Clark's informal Motion to Amend will be denied. The Court will issue an appropriate order.


February 9, 2011                       s/ Joseph E. Irenas   
                                                 JOSEPH E. IRENAS, S.U.S.D.J.